IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:  Joe Clark Alvarez, Jr<br>Sarah Michelle Alvarez<br>10922 FM 1485 Rd<br>Conroe, TX  77306<br><br>DEBTORS | CHAPTER 13<br><br>CASE NO. 24-30816-H4 |

**CHAPTER 13 TRUSTEE'S MOTION TO DISMISS OR CONVERT**

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

Represented parties should act through their attorney.

There will be a hearing on this motion July 07, 2025 at 10:00 AM in courtroom at the following address:  **U.S. BANKRUPTCY COURT, 515 RUSK, ROOM 401, 4TH FLOOR, HOUSTON, TX  77002.**

NOW COMES DAVID G. PEAKE, TRUSTEE, files this Motion to Dismiss in the above captioned case would show the court as follows:

**X**   1.  The Debtors Have defaulted by failing to make the payments due under the Trustee under the Chapter 13 Plan.  The Debtors Are delinquent $43,500.00, an amount constituting 3.00 months of required payments.

**NOTICE TO DEBTORS: YOU MUST DO ONE OF THE FOLLOWING:**

1. BRING YOUR PAYMENTS CURRENT WITHIN 21 DAYS OF THE DATE ON THIS MOTION.

2. FILE A RESPONSE WITHIN 21 DAYS THAT SHOWS THAT YOUR PAYMENTS ARE CURRENT.

**IF YOU FAIL TO DO SO, THE BANKRUPTCY COURT WILL PROBABLY DISMISS YOUR BANKRUPTCY CASE AND MAY DO SO WITHOUT A HEARING. THE BANKRUPTCY COURT WILL NOT ALLOW PAYMENTS TO BE MADE AT THE HEARING.**

**WHEREFORE PREMISES CONSIDERED**, the undersigned Trustee prays for an Order of Dismissal, conversion to Chapter 7, or such other relief as may be deemed just and appropriate.

Respectfully Submitted,

/s/ David G. Peake
DAVID G. PEAKE, TRUSTEE
ADMISSIONS ID NO. 15679500
9660 HILLCROFT, STE 430
HOUSTON, TX 77096
Telephone: (713) 283-5400
Facismilie: (713) 852-9084
Email: court@peakech13trustee.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion to Dismiss has been served upon the Debtors, their attorney of record, and the U.S. Trustee by mailing copy of same to the addresses listed below via first class mail, on June 04, 2025, and electronically to all parties requesting notice.

**Debtor(s)**
Joe Clark Alvarez, Jr
Sarah Michelle Alvarez
10922 FM 1485 RD
CONROE, TX 77306

**Debtor(s) Attorney:**
FEALY LAW FIRM PC
VICKY M FEALY
1235 NORTH LOOP WEST STE 1120
HOUSTON, TX 77008-1759

**U.S. Trustee:**
United States Trustee
515 Rusk, Suite 3516
Houston, TX 77002

/s/ David G. Peake
DAVID G. PEAKE, TRUSTEE
ADMISSIONS ID NO. 15679500
9660 HILLCROFT, STE 430
HOUSTON, TX 77096
Telephone: (713) 283-5400
Facsimile: (713) 852-9084
Email: court@peakech13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-30816-H4 |
| | § | |
| Joe Clark Alvarez, Jr | § | |
| Sarah Michelle Alvarez | § | |
| | § | |
| | § | |
| DEBTORS | § | CHAPTER 13 |
| | § | |

**ORDER OF DISMISSAL**

1. On the chapter 13 trustee's motion, this case is dismissed. The Court's reasons for dismissal were stated on the record in open court.

2. The deadline for filing an application for an administrative expense in this case is set at 21 days following entry of this order. The deadline for filing a motion for allowance of a claim arising under § 507(b) in this case is also set at 21 days following entry of this order.

3. If an application for allowance of professional fees and expenses has previously been filed in this case, the applicant is not required to file a new application for allowance of administrative expenses under § 503, if the new application only seeks allowance of the same professional fees and expenses previously requested.

4. Any prior order directing an employer or other person to pay funds to the chapter 13 trustee is terminated. Any prior order authorizing an ACH or other means of electronic payment is terminated.

5. The Court finds good cause to direct the payment of funds held by the chapter 13 trustee at the time of entry of this Order as follows:

    (a) First, the balance on hand in the Emergency Savings Fund will be paid to the Debtor(s);

    (b) Second, to any unpaid chapter 13 trustee's statutory compensation;

    (c) Third, the balance on hand in the Reserves for ad valorem taxes, to the holder of the claim secured by the senior security interest against the property for which the Reserves were established;

    (d) Fourth, the balance in any other Reserve account to the Debtor;

    (e) Fifth, to any unpaid payments mandated to be made by the Trustee under a prior Court order, including but not limited to any mandated adequate protection payments;

    (f) Sixth, to pay any unpaid fees to Debtor(s)' attorneys and to reserve for any filed applications for which no order has yet been entered; and

    (g) Seventh, to the Debtor(s).

Any party-in-interest objecting to the "for cause" distributions under this paragraph 5 must file an objection within 14 days of entry of this Order. The Chapter 13 Trustee will defer making distributions under this paragraph 5 until the next ordinary disbursement date following the later of (i) 22 days following entry of this Order; or (ii) entry of an order resolving any timely filed objection.

Dated: _____

_____
CHRISTOPHER M LOPEZ
United States Bankruptcy Judge